```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ROBERT M. JOOST,                 )
        Petitioner,              )
        v.                       )   Civ. Action No. 17-10448-PBS
                                 )
US PROBATION, RHODE ISLAND, et al.
        Respondents.             )
```

MEMORANDUM AND ORDER
March 24, 2017

SARIS, C.D.J.

Before the Court are Robert M. Joost's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Motion for Preliminary Injunction. For the reasons stated herein, the Court denies Joost relief under 28 U.S.C. § 2241, denies preliminary injunctive relief, construes the petition as a motion to modify conditions of release, and directs the Clerk to send it to the sentencing court in Rhode Island for further proceedings.

BACKGROUND

On March 17, 2017, petitioner Robert M. Joost ("Joost") filed his self-prepared Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Joost paid the $5 filing fee. The petition names as respondents the United States Bureau of Prisons, Coolidge House, and the probation offices for both the District of Rhode Island and the District of Massachusetts.

Joost is completing service of a federal sentence imposed in the District of Rhode Island. United States v. Joost, C.R. No. 94-055-ML (D.R.I. Sept. 8, 1995) (firearms conviction with sentence of 360 months and 5 years supervised release); see also

<u>United States v. Joost</u>, C.R. No. 94-056-ML (D.R.I. Sept. 8, 1995) (Hobbs Act conspiracy conviction for role in an armored car robbery with 20 year sentence and 5 years supervised release both to run concurrent with C.R. No. 94-055-ML).

On October 4, 2016, Joost was transferred from FMC Devens to Coolidge House, a halfway house in Boston.  Joost states that his supervised release is scheduled to begin upon his release from Coolidge House on March 30, 2017.  Joost complains that upon his release from Coolidge House, he will be required to report for supervised release in the District of Rhode Island.  Joost seeks to remain in Massachusetts and report to the District of Massachusetts because he is employed in Massachusetts, has a son in Massachusetts and is seeking benefits from the Massachusetts Department of Veterans' Services.  Moreover, Joost complains that his stay at Coolidge House will be extended if he is unable to secure his own housing by March 30, 2017.

On March 20, 2017, Joost filed a motion for preliminary injunction seeking to enjoin his confinement at Coolidge House after March 30, 2017, and to allow him to remain in Massachusetts after March 30, 2017.  With his motion, Joost filed a supporting memorandum.

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2241, federal prisoners who are "in custody in violation of the Constitution or laws or treaties of

the United States," may seek habeas corpus review. 28 U.S.C. § 2241(c)(3).  Fundamentally, a Section 2241 habeas proceeding "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Thus, a traditional habeas petition challenges the "fact or duration" of physical confinement and seeks either immediate or speedier release from that confinement. Id. at 498.  However, review under Section 2241 is also available to a federal prisoner who challenges the manner, execution, or conditions of a sentence. Muniz v. Sabol, 517 F.3d 29, 33–34 (1st Cir. 2008).

## DISCUSSION

The threshold question in this matter is whether this action is properly filed pursuant to § 2241.  Here, as to the execution of his sentence pursuant to a 28 U.S.C. § 2241, the sentencing court in Rhode Island has the ability to modify the conditions of his supervised release under 18 U.S.C. § 3583(e).  See 18 U.S.C. § 3583(e)(2) (permits a district court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and

conditions of post-release supervision."). Thus, Joost's remedy lies with the sentencing court. Id.; see 18 U.S.C. § 3605 (authorizing a court to exercise jurisdiction over a person on supervised release if such jurisdiction has been transferred by the sentencing court).

This Court is without the power to modify the conditions of Joost's supervised release and the Court finds that it is in the interest of justice to treat the petition as a motion pursuant to 18 U.S.C. § 3583(e) and forward it to the District of Rhode Island for filing in United States v. Joost, C.R. No. 94-055-ML (D.R.I. Sept. 8, 1995).

## ORDER

ACCORDINGLY, it is hereby ORDERED

(1) Joost's requests for habeas relief under 28 U.S.C. § 2241 and for emergency injunctive relief under Rule 65 of the Federal Rules of Civil Procedure are DENIED.

(2) The Clerk of Court is directed to send the petition and this Memorandum and Order to the United States District Court for the District of Rhode Island for filing in United States v. Joost, C.R. No. 94-055-ML (D.R.I. Sept. 8, 1995).

(3) The Clerk of Court is directed to close this case in this district.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE